**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHOL S. KIEFER,**

                          **Plaintiff,**

   vs.                                                      6:16-CV-1433
                                                                            (MAD/DJS)

**COMMISSIONER OF SOCIAL SECURITY,**

                          **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**MICHOL S. KIEFER**
3283 McConnellsville Road
Blossvale, New York 13308
Plaintiff *pro se*

**SOCIAL SECURITY ADMINISTRATION**      **DAVID L. BROWN, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
Region II
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      On December 5, 2016, Plaintiff commenced this action seeking review of the Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. *See* Dkt. No. 1. On March 20, 2017, the Commissioner filed the administrative record and the Court directed Plaintiff to file his brief by May 4, 2017. *See* Dkt. No. 10.[1] On July 18, 2017, the Court *sua sponte* issued an order extending Plaintiff's time to file

---

[1] The Court also notes that Plaintiff was also put on notice through General Order #18 that his brief would be due forty-five (45) days form the filing of the certified transcript of the administrative proceedings. *See* N.Y.N.D. Gen. Order #18(C)(1).

his brief to August 25, 2017.  *See* Dkt. No. 12.  In that order, Magistrate Judge Stewart warned Plaintiff that his failure to file a brief could result in consideration of the record with the benefit of his arguments and could also result in the Court dismissing this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See id.*  That order was returned to the Court as undeliverable.  *See* Dkt. No. 13.

Thereafter, on September 14, 2017, the Court again extended Plaintiff's time to file his brief to October 13, 2017 and further directed Plaintiff to update his mailing address.  *See* Dkt. No. 14.  In that order, the Court again warned Plaintiff that his failure to file a brief could result in the dismissal of his action for failure to prosecute.  *See id.*  Again, the order was returned to the Court as undeliverable.  *See* Dkt. No. 15.

Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted).  This is particularly true where a plaintiff is proceeding *pro se.  See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise

fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

In the present matter, the Court finds that dismissal for failure to prosecute is warranted. Plaintiff has not communicated with the Court since the initial filing of his complaint on December 5, 2016. Further, because Plaintiff failed to update his mailing address as required, the Court has had no way to communicate with him. Although Plaintiff did not receive the Court's two most recent warnings that his failure to file a brief could result in dismissal, he was provided a copy of General Order #18 that placed him on notice that such a failure could result in dismissal. Although the third and fourth factor only way slightly in favor of dismissal, the Court finds that no lesser sanction would be appropriate. Accordingly, the Court finds that the first, second and fifth factors all weigh strongly in favor of dismissal of his action. Courts in this Circuit have reached the same result when faced with similar facts. *See Ortega v. Apfel*, 5 Fed. Appx. 96, 97 (2d Cir. 2001) (holding that the district court did not abuse its discretion in

dismissal social security case where, beyond filing his complaint, the plaintiff took no action to prosecute his case, failed to respond to three district court orders, and provided no reason for these failures, and where he received three warnings from the district court that his failure to prosecute his claims and to comply with the court's orders would result in dismissal); *Camacho v. Commissioner of Soc. Sec.*, No. 04 Civ. 6686, 2006 WL 278399, *1 (S.D.N.Y. Feb. 1, 2006); *see also Enix v. Commissioner of Soc. Sec.*, 461 Fed. Appx. 861, 864 (11th Cir. 2012) (affirming the district court's dismissal of a Social Security appeal due to the plaintiff's failure to file a brief challenging the ALJ's decision despite two orders to do so); *Shields v. Commissioner of Soc. Sec.*, 474 Fed. Appx. 857, 858-59 (3rd Cir. 2012) (affirming dismissal of Social Security appeal for failure to prosecute); *Tripp v. Commissioner of Soc. Sec.*, 471 Fed. Appx. 631, 632 (9th Cir. 2012) (affirming dismissal for failure to prosecute and failure to comply with court orders); *Johnson v. Astrue*, 325 Fed. Appx. 233, 233-34 (4th Cir. 2009) (affirming dismissal of complaint pursuant to Rule 41(b) for failure to prosecute).

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's complaint is **DISMISSED** for his failure to prosecute; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

 **IT IS SO ORDERED.**

Dated: November 21, 2017
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

4